IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

DANIEL LOPEZ,

    Plaintiff,

    v.

LOUIS DEJOY, Postmaster General,

    Defendant.

Case No. 1:23-cv-00007-SLG

## ORDER OF DISMISSAL

At Docket 16, self-represented litigant Daniel Lopez filed a document that appears to be attempted to demonstrate proof of service. For the reasons set forth below, the document does not provide adequate proof of service of the complaint and summons on the defendant, and this action is DISMISSED.

## BACKGROUND

Mr. Lopez filed his Complaint on June 29, 2023.[1] On February 1, 2024, this Court ordered service of the Complaint to be completed within 90 days.[2] On July 31, 2024, the Court reminded Mr. Lopez that proof of service was lacking, and provided him with 14 additional days to comply.[3] On August 21, 2024, Mr. Lopez

---

[1] Docket 1.

[2] Docket 8.

[3] Docket 11.

filed a document purporting to show proof of service.[4] On November 8, 2024, the Court issued a Notice of Intent to Dismiss the action because service had not yet been properly effectuated. That notice provided Mr. Lopez with the appropriate names and addresses of the three individuals that he needed to serve with a copy of the complaint and a court-issued summons.[5] The order granted Mr. Lopez "one, final opportunity" to demonstrate proper service.[6] Mr. Lopez then filed a Letter re Proof of Service on December 11, 2024, stating that he had complied with the Court's notice by sending the summonses to each of the three appropriate recipients with "certified tracking" and return receipts.[7]

On December 23, 2024, the Court issued an Order Re Proof of Service, notifying Mr. Lopez that while his efforts as described would appear to constitute sufficient service, he had not filed adequate *proof* of that service pursuant to Rule 4(l) of the Federal Rules of Civil Procedure on each of the three individuals identified in the Court's November 8, 2024 notice.[8] The Court gave Mr. Lopez explicit instructions for providing proof of service, and accorded to Mr. Lopez an

---

[4] Docket 12.

[5] Docket 13 at 2-3.

[6] Docket 13 at 4.

[7] Docket 14 at 1.

[8] Docket 15 at 3.

Case No. 1:23-cv-00007-SLG, *Lopez v. DeJoy*
Order of Dismissal
Page 2 of 6
Case 1:23-cv-00007-SLG    Document 17    Filed 02/03/25    Page 2 of 6

additional 30 days for him to comply before the dismissal of the action without further notice to him.[9]

On January 28, 2025, Mr. Lopez filed a copy of an unissued summons addressed to John C. Lowrie in Sandy, Utah, along with a copy of Form AO 440 that is blank except for Mr. Lopez's signature and address and a note that he "mailed certified letter to recipient via 7020 0090 000 4789 7379."[10] This most recent effort does not comply with the Court's notice at Docket 15 that required proof of service of a court-issued summons and a copy of the complaint on each of the three individuals identified in the Court's November 8, 2024 notice. Despite Mr. Lopez being accorded many opportunities to do so, he has still has not provided adequate proof of service of the complaint and a court-issued summons as required by Rule 4 of the Federal Rules of Civil Procedure. The Court therefore dismisses this action due to Mr. Lopez's failure to prosecute and failure to comply with the Court's orders.

---

[9] Docket 15 at 4. In that Notice of Intent to Dismiss, the Court stated that: "[i]n order to provide adequate proof of service, Mr. Lopez must file with the Court a sworn affidavit with attached documentation that demonstrates that the summons and a copy of the Complaint was received by each of the three individuals identified in the Court's November 8, 2024 notice. He may use Form AO 440, the same form he used in August 2024, for this purpose. He must attach to the form all of the documentation showing when he mailed each summons and complaint, to whom the mailing was addressed, and the receipt showing when it was received by the recipient." Docket 15 at 4 (emphases and footnote omitted).

[10] Docket 16. When these numbers are entered into the United States Postal Service tracking website, *see USPS Tracking*, United State Postal Service, https://tools.usps.com/go/TrackConfirmAction!input.action?msockid=3d172fab421868991b063af2438a695b, it states "Status Not Available."

Case No. 1:23-cv-00007-SLG, *Lopez v. DeJoy*
Order of Dismissal
Page 3 of 6
Case 1:23-cv-00007-SLG    Document 17    Filed 02/03/25    Page 3 of 6

## LEGAL STANDARD

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order.[11] In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[12] District courts are afforded considerable discretion and deference with respect to these dismissals.[13]

## DISCUSSION

Here, the five factors weigh in favor of dismissal at this time. With respect to the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—Mr. Lopez's repeated failure to

---

[11] While the federal rule describes the defendant as moving for dismissal, the "district court has the inherent power sua sponte to dismiss a case [pursuant to Rule 41(b)] for lack of prosecution." F. R. Civ. P. 41(b); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Court notes that it also considered relying on Federal Rule 4(m), which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice." However, here, the Court previously found that Mr. Lopez's service, if effectuated in the manner described by him at Docket 14, would suffice as adequate service. Docket 15. Therefore, the issue before the Court is Mr. Lopez's failure to comply with the Court's orders regarding proof of service, rather than his failure to serve.

[12] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal quotation marks omitted) (quoting *Henderson*, 779 F.2d at 1423).

[13] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).

Case No. 1:23-cv-00007-SLG, *Lopez v. DeJoy*
Order of Dismissal
Page 4 of 6
Case 1:23-cv-00007-SLG     Document 17     Filed 02/03/25     Page 4 of 6

effectuate adequate proof of service for more than one year and after detailed instructions from the Court suggests that he cannot litigate this action diligently.[14] Regarding the third factor, a presumption of prejudice to the defendant arises when the plaintiff unreasonably delays prosecution of an action.[15] Because Mr. Lopez has not offered any explanation for his failure to meet the Court's deadlines, this third factor also favors dismissal.[16]

The fourth factor generally weighs against dismissal because public policy favors disposition on the merits.[17] However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[18] which is the case here. The fifth factor is comprised of three subparts, namely "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the . . . party about the possibility of case-dispositive sanctions."[19] The Court provided Mr. Lopez with sufficient warnings before this dismissal. On November 8, 2024, the

---

[14] *See Morris*, 942 F.2d at 652 (a plaintiff has the burden "to move toward . . . disposition at a reasonable pace").

[15] *Hernandez*, 138 F.3d at 400-01 (citing *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976)).

[16] *See Hernandez,* 138 F.3d at 401 (stating that this presumption is rebuttable only after the plaintiff has given a non-frivolous excuse for delay).

[17] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[18] *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[19] *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Case No. 1:23-cv-00007-SLG, *Lopez v. DeJoy*
Order of Dismissal
Page 5 of 6
Case 1:23-cv-00007-SLG    Document 17    Filed 02/03/25    Page 5 of 6

Court notified Mr. Lopez that his case would be dismissed in 30 days if he did not properly effectuate service and file proof of service.[20] When Mr. Lopez's subsequent attempt to provide adequate proof of service failed, the Court provided Mr. Lopez with yet another opportunity to comply, giving him 30 additional days to do so before dismissal.[21] The Court finds no other lesser sanction to be satisfactory or effective in this case.[22]

Because "dismissal without prejudice is a more easily justified sanction for failure to prosecute,"[23] this case is dismissed without prejudice.

## CONCLUSION

For the reasons set forth above, this action is **DISMISSED WITHOUT PREJUDICE.** The Clerk of Court shall issue a final judgment and close this case.

DATED this 3rd day of February, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[20] Docket 13.

[21] Docket 15.

[22] *See Henderson,* 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").

[23] *Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984).

Case No. 1:23-cv-00007-SLG, *Lopez v. DeJoy*
Order of Dismissal
Page 6 of 6
Case 1:23-cv-00007-SLG   Document 17   Filed 02/03/25   Page 6 of 6